## Ross N. Crane

*v.*

## Nettie L. Stafford *et al.*

*Opinion filed October 24, 1905.*

1. EQUITY—*equity may entertain bill by infant to impeach decree.* A court of equity has jurisdiction to entertain an original bill filed by an infant to impeach a decree for errors of law apparent upon the face of the record, without requiring him to apply for a rehearing or to file a bill of review or sue out a writ of error.

2. SAME—*when infant may file bill to impeach decree.* A decree finding lands to be not subject to partition and ordering a sale and distribution is a final decree, and an infant party whose rights are prejudiced thereby may maintain a bill to impeach the decree for any error apparent on the face of the record at any time during minority or within the period allowed after majority for prosecuting a writ of error.

3. PRACTICE—*errors of law cannot be reviewed on motion after final decree.* Alleged errors of law in a proceeding culminating in a final decree cannot be examined and revised on mere motion entered after the close of the term at which the decree was rendered.

4. SAME—*court should appoint a guardian ad litem for infant.* In a proceeding to which an infant is a party the court should appoint a guardian *ad litem,* who is entitled to notice as to when the testimony is to be taken before the master; and while such appointment should be by formal order, yet the absence of such order is not fatal if the fact of the appointment appears by recitals or reference in the record.

5. EVIDENCE—*when testimony before master is not competent.* In a proceeding against heirs for partition, wherein the complainant seeks to establish the fact of her marriage to the deceased land owner, the complainant is not a competent witness as to such fact, nor are the *ex parte* affidavits of other witnesses as to that fact competent to be considered by the master.

6. PARTITION—*requirement as to appointment of three commissioners is essential.* The requirement of section 16 of the Partition act that the court, when it orders partition of premises, shall appoint three commissioners, is mandatory and binding, whether the proceeding is under the statute or by bill in chancery, and the appointment of two commissioners, only, is not sufficient.

7. SAME—*approval of a report signed by commissioner not appointed does not cure lack of appointment.* Approval by the court of a report signed by the two commissioners appointed to make partition and by a third party not previously appointed to act as one of the commissioners does not, on direct attack, cure the error in failing to appoint three commissioners.

8. SAME—*claims against estate cannot be allowed in partition.* Claims against the deceased cannot be allowed in a proceeding to partition his estate and the master in chancery be ordered to pay them out of the proceeds of the sale of the land.

WRIT OF ERROR to the Circuit Court of Pike county; the Hon. HARRY HIGBEE, Judge, presiding.

The plaintiff in error filed his bill in chancery in the circuit court of Pike county, the allegations whereof were, in substance, as follows: That one Eli R. Crane, a resident of Pike county, departed this life on the 10th day of August, 1890, leaving Mary N. Crane, his widow, and two minor sons, Charles Crane and Ross N. Crane, (the plaintiff in error); that said Eli R. Crane died seized of the title to certain tracts of land in said Pike county, described in the bill; that the same descended to the said Charles Crane and said plaintiff in error, sons of said deceased, in equal parts, subject to the dower interest of the said widow; that said Charles Crane died in February, 1901, not having reached the age of twenty-one years, was unmarried and left no child or descendants of a child, and that the interest of the said Charles in said lands of which his father died seized, descended to plaintiff in error and his mother, Mary Crane, as the only legal heirs of said Charles; that on the 22d day of February, 1902, one Nettie L. Stafford filed a bill in chancery in the circuit court of Pike county for a decree making

partition of said interest in said lands of which said Charles Crane died seized, to which bill she made said Mary N. Crane and the plaintiff in error parties defendant, and also made one Alonzo Leonard, as mortgagee, a party; that the said Nettie L. Stafford, in said bill for partition, alleged that on the 20th day of October, 1899, she was lawfully married to said Charles Crane, deceased, and that the said Charles Crane died seized of certain lands described in the bill, which came to him by inheritance as the son of said Eli Crane; that said Charles Crane left no child or descendants of a child; that the said Nettie L. Crane, his widow, under the laws of inheritance of the State of Illinois became entitled, under the Statute of Descent, to an undivided one-half interest in the land which the said Charles Crane owned at the time of his death, and that the remaining interest in said lands was owned by the said Mary Crane and Ross N. Crane, the plaintiff in error, as tenants in common with said Nettie L. Stafford; that said Leonard had or claimed some interest in said lands as mortgagee, as to which or the extent thereof the complainant was not advised; that she was not advised whether said Ross N. Crane, the plaintiff in error, was an adult or a minor, and prayed that a guardian *ad litem* should be appointed for him if a minor, and that a decree should be entered allotting and partitioning to the said Nettie L. Stafford, and the other said tenants in common in said lands, their interests in severalty, and that the lands be sold and the proceeds divided, if partition could not be made without manifest injury, etc.; that such proceedings were had under her bill as that on the 30th day of April, 1903, a decree was entered ordering the sale of the lands in default of partition, in pursuance of the prayer of the bill, etc.

The plaintiff in error, in his bill, further alleged that said Charles Crane was never married to the said Nettie L. Stafford, and she did not, upon the death of said Charles Crane, succeed to any interest whatever in the lands belong-

ing to the said Charles Crane, but that the plaintiff in error and his mother, Mary Crane, were the only heirs of said Charles Crane, and became, by inheritance, the owners of his land; that during the time of the pendency of the said partition suit the plaintiff in error was an infant and is still an infant, being under the age of fifteen years; that manifest error, apparent upon the face of the record, intervened in the proceeding which resulted in the decree, in this: that though there is in the record a formal answer signed by one Hugh Johnson, as guardian *ad litem* for the plaintiff in error, there is no record of any appointment of any one as guardian *ad litem* for him in the cause; that it appears from the report of the master in chancery that the plaintiff in error was represented by the said Hugh Johnson as his guardian *ad litem* at the time of the taking of the evidence before said master, but that plaintiff in error, on information, states that said Hugh Johnson was not present at the taking of such evidence before the master, and that the plaintiff in error was not represented by anyone before the master when evidence was being taken; that said report of the master shows that said Nettie L. Stafford, the complainant in said cause, was sworn and testified in said cause, when the plaintiff in error is reliably informed that the said Nettie L. Stafford was not in Pittsfield, Pike county, Illinois, at the date of said hearing, April 28, 1903, and that at the time of this hearing said Nettie L. Stafford was in Fresno county, State of California; that she has never been personally present in said court or before the said master in chancery since the commencement of said suit, but that her *ex parte* affidavit was handed to the said master in chancery and incorporated by him as her evidence in his report; that the report made by the master in chancery, aforesaid, contains an *ex parte* affidavit subscribed to by one Mrs. C. E. Gray, also an *ex parte* affidavit sworn to by one A. M. Drew, and also an affidavit by one George Rodden; that said affidavits were not the depositions of any of the parties named, to-wit,

Nettie L. Stafford, Mrs. C. E. Gray, A. M. Drew and George Rodden, and the said affidavits were taken without any notice whatever to plaintiff in error and without any consent by him or by anyone for him; that said affidavits were used for the purpose of proving the alleged marriage between the said Nettie L. Stafford and Charles Crane; that the said Charles Crane was not married to the said Nettie L. Stafford and that the marriage is not proven by the said *ex parte* affidavits; that the said Nettie L. Stafford has resided in the State of California for many years; that she has not been in Illinois for more than ten years previous to the commencement of this suit; that she was not with said Charles Crane at the time of his death, and that the said Charles Crane did not tell his mother or plaintiff in error of the said marriage, if any such existed; that said decree so entered on April 30, 1903, ordered that D. C. Graham and Harry White be appointed commissioners to make partition of said premises and assign dower therein; that the report of the commissioners that partition and assignment of dower could not be made is signed by the said two commissioners named in the decree and also by one A. C. Greathouse, who was not named in said decree; that it appears from the report of the master that evidence was heard in support of the claims of certain persons that said deceased, Charles Crane, was indebted to them, and the master found the deceased was indebted to said parties in the sum of $62, and that the decree provided that said sum should be paid, out of the proceeds of the sale of the land, to A. G. Crawford, as attorney for said claimants.

The bill contained other matters which are not necessary here to be mentioned, and prayed that the proceedings and decree in partition should be set aside, that the sale of the land be enjoined, etc. The court sustained a demurrer to the bill filed by the plaintiff in error, and decreed that it be dismissed at his cost, and he has sued out this writ of error to reverse that decree.

EDWARD DOOCY, B. T. BRADBURN, and HENRY BUSH, for plaintiff in error.

EDWARD YATES, for defendants in error.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This is not a bill for review nor a petition for rehearing, but is an original bill in equity in behalf of a minor defendant to the decree entered in the case of Nettie L. Stafford against the plaintiff in error and his mother, Mary Crane, and another, to impeach that decree for errors of law apparent on the face of the record. That courts of equity in this State will entertain such bills in behalf of infants without requiring them to apply for a rehearing or to file a bill for review or sue out a writ of error was declared in the early case of *Loyd* v. *Malone,* 23 Ill. 41, and reiterated in many subsequent decisions, among others, *Gooch* v. *Green,* 102 Ill. 507, *Hess* v. *Voss,* 52 id. 472, *Lloyd* v. *Kirkwood,* 112 id. 329, *Haines* v. *Hewitt,* 129 id. 347, *Coffin* v. *Argo,* 134 id. 276, and *Clark* v. *Shawen,* 190 id. 47. Such a bill may be filed at any time during minority or within the period allowed after majority for the prosecution of a writ of error. (*Haines* v. *Hewitt, supra.*) The same relief could not, as counsel for defendants in error suggests, be obtained by motion. The decree that partition of the lands could not be made and ordering that the master should make sale of the lands and distribute the proceeds was a final, appealable decree in the case. (*Rhodes* v. *Rhodes,* 172 Ill. 187.) It was entered April 30, 1903, and though the cause was continued until the next term of this court, it remained on the docket only for orders relative to the execution of the decree. As to matters sought to be remedied by this bill, the decree that partition could not be made and ordering that the lands should be sold became a final decree at the expiration of the term of court at which it was rendered. (*Jackson* v. *Jackson,* 144 Ill. 274.) The bill was filed in vacation, following

the term at which the decree was rendered. Alleged errors of law in a proceeding culminating in a decree cannot be examined and revised on mere motion entered after the close of the term at which the decree was entered. (*Jacquemart* v. *Erb,* 53 Ill. 291; *Tosetti Brewing Co.* v. *Koehler,* 200 id. 369.) We think the bill should not have been held obnoxious to the demurrer.

It was necessary that in the proceeding sought to be impeached the court should have appointed some proper person to represent the plaintiff in error as his guardian *ad litem.* This is usually, and more properly, done by a formal order; still, the omission of a formal order might not constitute fatal error. That a guardian *ad litem* was appointed may appear by recitals or by reference in other portions of the record. *Tibbs* v. *Allen,* 27 Ill. 119.

It is the duty of a guardian *ad litem* to be present when testimony is taken before a master in support of the cause of the adverse party, and he is entitled to notice that such evidence is to be taken. (*Turner* v. *Jenkins,* 79 Ill. 228.) The bill under consideration alleged, on information of the plaintiff in error, that no one was present representing him as his guardian *ad litem.* The report of the master, as is conceded by the bill, recites that Hugh Thompson was present at the taking of testimony, in the capacity of guardian *ad litem* for the plaintiff in error.

The bill alleges that the master in chancery received and considered as competent testimony against the plaintiff in error an *ex parte* affidavit made by said Nettie L. Stafford, and also like affidavits of three other persons appear in the master's report of the proof taken; that such *ex parte* affidavits were taken without notice or with the consent of the plaintiff in error or of anyone acting for him, and that such affidavits were used before the master for the purpose of proving that the marriage relation had existed between the said Nettie L. Stafford and said Charles Crane. It is needless to remark that affidavits of this character were not com-

petent to be received in evidence or considered by the master. Nettie L. Stafford was endeavoring to establish that she had become the wife of Charles Crane in order that she might be deemed one of his heirs. The plaintiff in error, who was conceded to be an heir of said Charles, was defending in that capacity, and the alleged heirship of Nettie L. was in issue. She was not competent to testify to any facts tending to establish that the marriage relation existed between herself and the said Charles Crane. (*Lawrence* v. *Lawrence,* 164 Ill. 367.) Clearly the decree should not be permitted to stand if based on the testimony of an incompetent witness and on the mere *ex parte* affidavits of other witnesses.

It is apparent on the face of the record as disclosed by this bill that the court, in appointing but two commissioners to make partition of the lands, failed to comply with the plain requirement of section 16 of chapter 106 of the Revised Statutes, that the court, when it orders the partition of any premises made under the provisions of the act, shall appoint three commissioners to make such partition. This requirement as to the appointment of commissioners is essential, whether the proceeding for partition is under the statute or by bill in chancery. *Coffin* v. *Argo, supra.*

The bill avers that one A. C. Greathouse acted as a member of the commission, and that the report was signed by the two commissioners named in the decree and by Greathouse. This report was approved by the court. In *Sullivan* v. *Sullivan,* 42 Ill. 315, it appeared that the oath of the commissioners, and their report, bore date three days previous to the decree by which they were appointed, and we said that the basis of authority of commissioners is their appointment by decree of the court, and that it is only after appointment and after they have taken the oath required by the statute that authority is possessed to act as commissioners, and held that whether the approval by the court of the report made by the commisioners prior to their appointment constituted grounds of collateral attack, (which we did not decide,)

it was clear that such action of the court would be regarded as error in a direct proceeding for a reversal of the decree. The plaintiff in error, because of his infancy, may, by the bill here under consideration, avail himself of any error apparent on the face of the record sought to be impeached which could be availed of on writ of error.

The allegations of the bill also disclosed another error apparent on the face of the record. The bill alleged that the master reported that the deceased, Charles Crane, was indebted on open account to certain named persons in the total sum of $62, and that an order was incorporated in the decree that said sum should be paid, out of the proceeds of the sale of the land, to A. G. Crawford, the attorney for said alleged creditors of the deceased, in satisfaction of their claims. Such claims are properly cognizable in a court of probate having jurisdiction of the matter of the administration of the estate of the deceased, but it was erroneous to allow them to be presented before the master in chancery, and to decree that they be paid by that official out of the proceeds of the sale of the land.

The bill is inartificially drawn and some of the allegations of fact are mingled with what is merely argument, but the demurrer, though purporting to be both general and special, makes no specific complaint, other than as to alleged defects of the bill in matters of substance. The bill, taken, as it is, to be true as to all pertinent allegations, discloses errors apparent on the face of the record, and our procedure in equity permits the plaintiff in error, because of his disability of infancy, to impeach the record by bill in equity if such errors are found to exist on inspection of the record.

The decree must therefore be and is reversed, and the cause will be remanded for further proceedings consistent with the views here expressed.

*Reversed and remanded.*