# Frank Rowden, Administrator, Appellant, v. Mary L. Meisinger et al., Appellees.

1. ADMINISTRATION OF ESTATES—*what essential to jurisdiction of chancery.* While circuit courts have concurrent jurisdiction with county courts in the matter of the settlement of estates, it is only upon extraordinary reason and when special occasions arise that a court of chancery will undertake the settlement of an estate.

2. ADMINISTRATION OF ESTATES—*jurisdiction of county court.* In the matter of the settlement of estates the county court is clothed with original jurisdiction upon all probate matters and in the exercise of its power in the settlement of an estate it is not confined to the rules governing actions at law, but has equitable powers and full and complete equitable jurisdiction to settle all matters arising in the progress of the settlement of an estate.

3. ADMINISTRATION OF ESTATES—*section 99 of act construed.* While section 99 provides that an administrator may file his petition in either the circuit court or the county court for the purpose of obtaining a decree for the sale of land to pay debts, there is no authority in this state by which the administrator can be compelled to go into the circuit court for this purpose by the filing of a petition for partition by either an heir or devisee of the decedent.

4. ADMINISTRATION OF ESTATES—*what does not bar or abate proceeding to sell real estate to pay debts.* The filing of a bill for partition is not a bar and cannot be pleaded in abatement of a petition in the county court by an administrator for the purpose of selling the land for the payment of debts.

5. PARTITION—*what without jurisdiction in proceeding for.* The filing of a bill in chancery by an heir for partition does not give the cir-

cuit court power or jurisdiction to order and decree a sale of the lands of the decedent for the purpose of paying debts.

Petition to sell real estate to pay debts. Appeal from the County Court of Jersey county; the Hon. H. W. POGUE, Judge, presiding. Heard in this court at the May term, 1911. Reversed and remanded. Opinion filed October 20, 1911.

FERNS & SUMNER, for appellant.

CHARLES S. WHITE, for appellee, Mary L. Meinsinger.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

Isaac Jaynes died in Jersey county, Illinois, November 8, 1910. The county court appointed appellant administrator on November 14, 1910. An inventory and appraisement bill were filed and on January 14, 1911, appellant rendered a just and true account to the county court showing the personal estate and the debts of the decedent. This account set forth that the personal property of the decedent amounted to $764.50, that the claims allowed and the liabilities existing against said estate amounted to the sum of $1626.98, leaving a deficiency of $862.48. At the time of his death, deceased owned eighty acres of land in Jersey county, subject to a mortgage of $700. This real estate was occupied as a homestead by the decedent and his wife, Margaret Jaynes, during his lifetime, and his surviving widow has continued to occupy the homestead. Decedent left surviving him no children or descendants of child or children. He left his widow, his brothers and sister and nephews and nieces as his only heirs at law. Appellee herein is his sister. On December 15, 1910, thirty-seven days after the death of her brother, she filed a bill for partition in the circuit court of Jersey county, asking for a partition of the premises. Appellant, as administrator, was made a party defendant to that proceeding. The prayer of the bill for partition

was that the estate be divided and that the administrator be paid whatever sum might be found necessary to pay the liabilities existing against the estate. On January 14, 1911, appellant filed his petition as administrator in the county court of Jersey county setting forth by proper averments all matters necessary to obtain a decree directing the sale of the real estate of the deceased for the payment of debts. Summons was issued out of the county court and served on all of the defendants in Jersey county on January 22. Summons was issued to Madison county for part of the defendants residing there and returned properly served; also to Calhoun county for one Thomas Jaynes, and returned on January 16, 1911. All of the parties interested in the real estate were made parties in both cases. None of the defendants to the petition in the county court answered except appellee, who, on February 6, filed a plea in abatement. This plea set forth that on December 15, 1910, she filed her bill for partition in the circuit court, to which appellant as administrator was made a party, praying for partition of the real estate described in the petition, that summons was issued out of the circuit court and served upon the administrator. The plea does not aver when service was had of the summons issued out of the circuit court, but avers the filing of the bill in the circuit court prior to the filing of the petition in the county court, that the cause in the circuit court is still pending and undetermined, that the circuit court has complete and ample power to determine and settle all rights of the parties involved in this controversy, and that if there is a deficiency in the personal property, prays that the circuit court shall order and direct the administrator to be paid whatever sum may be found to be necessary for the proper settlement of the estate.

While circuit courts have concurrent jurisdiction with county courts in the matter of the settlement of

estates, it is only upon extraordinary reason and when special occasions arise that a court of chancery will undertake the settlement of an estate. Shepard v. Speer, 140 Ill. 238; Strauss v. Phillips, 189 Ill. 9; Goodman v. Kopperl, 169 Ill. 136.

In the matter of the settlement of estates the county court is clothed with original jurisdiction upon all probate matters and in the exercise of its power in the settlement of an estate it is not confined to the rules governing actions at law, but has equitable powers and full and complete equitable jurisdiction to settle all matters arising in the progress of the settlement of an estate. Shepard v. Speer, 140 Ill. 238.

While section 99, chapter 3 of the Revised Statutes, 1909, provides that an administrator may file his petition in either the circuit court or the county court for the purpose of obtaining a decree for the sale of land to pay debts, we have been cited to no provision of the law or any authority in this state by which the administrator can be compelled to go into the circuit court for this purpose by the filing of a petition for partition by either an heir or devisee of the decedent.

The administrator having been appointed by the county court of Jersey county and having elected to file his petition for the sale of real estate to pay debts in that forum, the county court thereby was authorized and empowered and it was its duty to order and direct the sale upon the petition of the administrator unless it was deprived of its power by reason of the filing of the bill for partition in the circuit court by appellant as an heir of the deceased. The real estate at the time of the death of the deceased descends to the heirs who receive it subject to the condition that it may be necessary to sell it to pay debts of the deceased. Whatever interest the heir receives in the estate is subject to that contingency. Vansyckle v. Richardson, 13 Ill. 171; Wachter v. Doerr, 210 Ill. 242.

While the practice has been indulged in in this state of permitting the filing of a bill for partition prior to the final settlement of the estate of the decedent and our Supreme Court has sustained the practice of permitting a bill to be filed prior to the final settlement of an estate where the administrator has been made a party and a decree of sale entered which provides that certain amounts sufficient finally to settle the estate shall be paid to the administrator out of the proceeds of the sale of the real estate, this practice has been criticized by that court and the better practice held to be that the proceeding should abate until it is finally determined whether it will be necessary to resort to a sale of the real estate for the payment of debts; but has not held a partition suit cannot be maintained prior to that time. Sutton v. Read, 176 Ill. 69. We know of no authority, and have been cited to none by counsel for appellee, holding that the filing of a bill for partition was a bar or could be pleaded in abatement of the petition in the county court by an administrator for the purpose of selling the land for the payment of debts.

While it must be conceded that when a court has jurisdiction and obtains it, that court will retain jurisdiction for the purpose of giving full and adequate relief to all parties interested in the questions properly involved in that proceeding, yet before a bill for partition in the circuit court can be held to be a bar to a petition of an administrator in the county court to sell land to pay debts, it must appear that the circuit court has complete and adequate power to settle and determine all questions involved, and if it cannot grant full and adequate relief then the proceeding cannot be pleaded in abatement in bar of such petition. The bill for partition prayed for a partition and division of the real estate, with the usual prayer that if the land could not be divided without manifest prejudice then that

the court should order and direct a sale and divide the proceeds. Authorities are abundant in this state that an heir takes real estate from the decedent subject to the rights of creditors of the estate where it may be necessary to resort to the sale of the real estate to pay debts, and while a court of chancery may entertain a bill for partition filed by the heirs before final settlement of the estate, before that court can decree a sale of the real estate sought to be divided, it is necessary that the commissioners appointed by the court of chancery shall make a report that the premises are not susceptible of division, and make appraisement of the premises, and when the commissioners find the premises susceptible of division and make a division thereof, then the portion set off to each heir is still subject to the sale by the administrator for the purpose of paying debts where it may be necessary.

The circuit court is without jurisdiction to order and direct a sale of the premises unless the commissioners appointed in that proceeding report that the premises are not susceptible of division without manifest prejudice to the parties interested. The filing of the bill in chancery by an heir for partition does not give the circuit court power or jurisdiction to order and decree a sale of the lands of the decedent for the purpose of paying debts and unless it has such power and can so decree, then the proceeding in partition is inadequate for the purpose of providing funds with which the administrator may pay debts of the decedent. Labadie v. Hewitt, 85 Ill. 341.

It must also be conceded that a party defendant in a chancery proceeding can obtain no affirmative relief in that proceeding without filing a cross bill, and in a partition suit where the land is reported susceptible of division and the premises are divided by the commissioners appointed for that purpose, the administrator, although a party to that proceeding, could obtain no

relief from that source to secure money for the payment of debts unless he had filed a cross bill.

It cannot be presumed upon the bill filed for partition that the commissioners will report that the premises are not susceptible of division. It is therefore apparent that the circuit court can, only on conditions which cannot be foreseen, grant full and adequate relief to all parties, and therefore that proceeding cannot be pleaded whether in abatement or in bar of the petition by the administrator in the county court for sale of the same land to pay debts, and the county court should have sustained the demurrer to the plea and required defendants to answer the petition filed by the administrator.

For error of that court in overruling the demurrer and dismissing the petition, the judgment is reversed and the cause remanded.

*Reversed and remanded.*