In re Estate of Mathew Gordon, Deceased.
Appeal of Henry Ades Fowler, Administrator, Appellant, v. Harry L. Gordon et al., Appellees.

## Gen. No. 16,506.

1. EXECUTORS AND ADMINISTRATORS—*when amended petition to sell real estate to pay debts is original petition.* The filing of an ·amended petition to sell real estate to pay debts of decedent amounts to a dismissal of all petitions previously filed, and such amended petition is to be considered as an original petition.

2. EXECUTORS AND ADMINISTRATORS—*when petition to sell real estate to pay debts must be filed.* While there is no statute limiting the time for filing a petition to sell real estate to pay debts of a decedent, when it is not satisfactorily explained, a delay for seven years after the date of death, or the granting of letters of administration, in filing such petition, is such laches as will bar any relief under it.

3. EXECUTORS AND ADMINISTRATORS—*date of starting of delay on petition to sell realty to pay debts.* On a petition to sell real estate to pay the debts of a decedent, in determining when a delay of seven years started, it is· immaterial whether the date of the death or of the granting of letters be taken, where in either case about eight years intervened between such starting point and the filing of the petition.

4. EXECUTORS AND ADMINISTRATORS—*when filing bill for partition will not excuse delay in filing petition to sell realty.* Where a petition to sell real estate to pay the debts of a decedent alleges the filing by a devisee of a bill for partition and does not allege that process was issued or that any steps were taken, the filing of the bill does not excuse a delay of more than seven years in filing the petition.

5. EXECUTORS AND ADMINISTRATORS—*when application to probate court will excuse delay in filing petition to sell realty.* That a creditor applied, after a lapse of seven years, to the probate court for an order that an executor institute proceedings to sell real estate to pay debts, does not excuse or explain the laches in filing a petition to sell.

6. Executors and administrators—*when promise to pay claim will not excuse delay in filing petition to sell realty.* Where a petition to sell real estate to pay the debts of a decedent sets up as an excuse for a delay of more than seven years in filing, that the attorney of the executor and certain heirs promised the creditor, on behalf of the heir, that if a creditor would not force the sale of the realty the devisees would, on the coming of age of the youngest child, pay the claim, the facts do not show that the attorney had authority to make the promise, and the allegations as to such promise are not sufficient to excuse the delay.

7. Executors and administrators—*provision of will which will not excuse delay in filing petition to sell realty.* A provision of a will, "It is my wish that all my debts due by me at my death and my funeral expenses be first paid," does not tend to explain or excuse a delay of more than seven years in filing a petition to sell real estate to pay the debts of a decedent.

8. Executors and administrators — *adjudication of claims.* Claims against the estate of a deceased person cannot be adjudicated in partition proceedings.

9. Appeals and errors—*point not mentioned in brief or argument is abandoned.* Where a petition to sell real estate to pay the debts of decedent sets up an excuse for not filing the petition in proper time, if the excuse is not mentioned in the brief or argument, it will be considered as abandoned.

Brown, J., dissenting.

Appeal from the Probate Court of Cook county; the Hon. Charles S. Cutting, Judge, presiding. Heard in this court at the March term, 1910. Affirmed. Opinion filed November 18, 1912.

Lackner, Butz & Miller, for appellant.

Rice & O'Niel, for appellees.

Mr. Justice Baker delivered the opinion of the court.

This is an appeal by the petitioner. Administrator *de bonis non* with the will annexed of Mathew Gordon, deceased, from an order of the Probate Court sustaining the demurrer of certain defendants, devisees under said will, to a petition by said administrator for leave to sell real estate to pay the debts of said testator and dismissing the petition. Mathew Gordon died testate July 11, 1898, and his will was probated and

letters issued August 30, 1898.   The original petition was filed August 1, 1906.

There is no statute limiting the time for filing a petition to sell real estate to pay debts, but it is the settled doctrine of the Supreme Court that when it is not satisfactorily explained, delay for seven years after the date of death, or the granting of letters of administration, in filing such petition, is such laches as will bar any relief under it.   Goodrum v. Mitchell, 236 Ill. 186; Graham v. Brock, 212 Ill. 581; Kipping v. Demint, 184 Ill. 166, and cases there cited.

Appellant contends that our Supreme Court has also fixed the starting point at the date of the allowance of the claim.   The cases cited do not support this contention, and besides it does not appear from the petition when the claims were allowed.

In this case it is immaterial whether the date of death or of the granting of letters be taken as the starting point of the seven years, for in either case about eight years intervened between such starting point and the filing of the petition, and about seven years before any action was taken by the Pabst Brewing Company to compel action on the part of the executor.   No matter which starting point is taken, the rule has not been strictly applied; each case must rest on its own merits, and where the delay is explained and no rights of third parties have intervened, a longer period will not bar the right to sell.

The record presents only the question whether the facts alleged in the last amended petition amount to a sufficient excuse or explanation of the delay in filing the petition.   The filing of that petition amounted to a dismissal of all petitions previously filed, and such amended petition is considered an original petition. Bonney v. Lamb, 210 Ill. 95.

The facts alleged in the amended petition which are relied on as excusing and explaining the delay, are:

First:   That one of the devisees filed a bill for the partition of the real estate in question October 21,

1904. The petition only alleges that the bill was filed, and there is no allegation that process was issued or any steps taken under the bill. Claims against the estate of a deceased person cannot be adjudicated in partition proceedings. Crane v. Stafford, 217 Ill. 21. The filing of said bill does not excuse the delay in filing the petition to sell.

Second: That the Brewing Company, September 19, 1905, applied to the Probate Court for an order that the executor institute proceedings to sell. This application was made after the seven years had elapsed and does not excuse or explain the laches.

Third: That the children of the testator had a homestead estate in a part of said real estate until the youngest of them became twenty-one years of age. This excuse, though set up in the petition, is not mentioned in the brief or argument, and must therefore be considered abandoned.

Fourth: That Charles B. Obermeyer, who, it is alleged, was the attorney of the executor and of certain of the heirs, one of whom was the complainant in the bill for partition, had promised the Brewing Company on behalf of the heirs of Mathew Gordon, that if the Brewing Company would not force the sale of said real estate to pay their claims, the devisees of Mathew Gordon would, on the coming of age of the youngest of his children, pay the claim of the Brewing Company. The facts stated in the petition do not show that Obermeyer had authority to make the promise he is alleged to have made, and the allegations as to such promise are not sufficient to excuse the delay.

Fifth: That in the will of Mathew Gordon is the following provision: "It is my will that all my debts due by me at my death and my funeral expenses be first paid." We cannot see that this provision tends to explain or excuse the delay in filing the petition.

We do not think that the facts alleged in the amended petition satisfactorily explain, excuse or account for

the delay in filing this petition, and that the Probate Court properly sustained the demurrer and dismissed the petition.

The order appealed from will be affirmed.

*Order affirmed.*

MR. JUSTICE BROWN dissents.