In the Matter of the Estate of John Ahlrich, Deceased.
Petition of Frank Payne, Administrator, Appellee, v. State Bank of DeLand et al., Appellants.

## Gen. No. 7,757.

1. ESTATES OF DECEDENTS—*pendency of partition suit as bar to administrator's sale of real estate to pay debts.* The pendency of a partition suit is not a bar to a proceeding by the administrator under the statute to sell real estate to pay debts.

2. GUARDIANS AD LITEM—*when interests of guardian ad litem are in conflict with ward's interests.* In a proceeding for the sale of real estate to pay debts brought by the administrator who was the husband of one of the heirs, the interests of such administrator and of certain minor heirs who, through their guardian, had disaffirmed deeds given to their mother, the widow of testator, and had begun partition proceedings, were adverse and the court of its own motion should have appointed as guardian of such minors some one other than a sister whose husband was counsel for the administrator.

3. ESTATES OF DECEDENTS—*stipulation as to amount of judgments on claims as proof against minor heirs.* In a proceeding for the sale of real estate to pay debts a stipulation that valid judgments have been entered on claims to the total amount of $4,892.47, was merely prima facie proof against the adult heirs and creditors of the existence of debts to that amount and constituted no proof of indebtedness so far as minor heirs were concerned.

4. APPEAL AND ERROR—*waiver of error by appellants by bringing record to Appellate Court.* Appellants in a proceeding to sell real estate to pay debts, by bringing the record to the Appellate Court waived any error that may have entered into the decree of the lower court as to the title of the heirs.

5. PROBATE COURTS—*jurisdiction of county court to make order to sell real estate to pay debts conditional on assumption of indebtedness by purchaser.* The county court, under its statutory jurisdiction to sell lands to pay debts, is not a court of chancery and it

was error for it to make an order of sale conditional on the purchaser assuming certain indebtedness.

6. ESTATES OF DECEDENTS—*propriety of allowance for attorney's fees*. It being unnecessary for a mortgagee of real estate to file an answer in a proceeding by an administrator to sell the real estate to pay debts and the only purpose of making such mortgagee a party defendant being to enable it by consent to stipulate that the land be sold disincumbered of the mortgage, it was error to allow such mortgagee an attorney's fee for filing an answer and for services in connection with a partition suit brought by minor heirs.

7. ESTATES OF DECEDENTS—*propriety of allowance of interest to mortgagee in proceedings to sell decedent's lands for debts*. In a proceeding brought by an administrator for the sale of real estate to pay debts it was error to allow an item for interest on a first mortgage, there being no claim made that the item accrued during testator's lifetime, no order of court finding that it was made for the benefit of the estate and no showing that the lands were not ample security for the mortgage debt.

Appeal by defendants from the County Court of Piatt county; the Hon. M. R. DAVIDSON, Judge, presiding. Heard in this court at the April term, 1924. Reversed and remanded. Opinion filed October 22, 1924.

HERRICK & HERRICK and E. J. HAWBAKER, for appellants.

W. A. Doss, for appellee.

MR. PRESIDING JUSTICE SHURTLEFF delivered the opinion of the court.

This is an appeal from a decree of the county court of Piatt county, ordering the sale of real estate to pay the debts of John Ahlrich, Sr., deceased. John Ahlrich, Sr. died in Piatt county October 21, 1922, leaving a widow, Antja Ahlrich, and eleven children, namely: Lena Timmons, Ida Payne, Tona W. Doss, Anna Perkins and John Ahlrich, Jr., William, Alexander, Reent, Albert, Theodore and Clarence Ahlrich, his only children and his only devisees and heirs at law. Testator died leaving a homestead and certain lots in the Village of DeLand, and two farms, one containing 230.68 acres and the second containing 140

acres, respectively, both situated in Piatt county. There was certain personal property and a contingent interest under a contract in the sale of some other lands.

Testator in his lifetime placed a mortgage upon the two farms to secure an indebtedness of $37,000, which is to become due January 1, 1926, and is held by the John Hancock Mutual Life Insurance Company. The will devised a life estate in all of said lands to the widow, Antja Ahlrich, and the remainder in fee was devised, in equal parts, to the eleven children, share and share alike as tenants in common.

The petition in this case, filed April 25, 1923, by Frank Payne, administrator with the will annexed, and husband of Ida Payne, avers that on the 7th day of November, 1922, the said Alexander Ahlrich, Tona W. Doss, Anna Perkins, Ida Payne, Theodore Ahlrich, and Clarence Ahlrich, and upon the 6th day of November, 1922, Albert Ahlrich, Reent Ahlrich, William Ahlrich and John Ahlrich, conveyed their respective interests in all of said lands to their mother, Antja Ahlrich, in which conveyances they were joined by their respective husbands and wives, except in the cases of Theodore and Clarence Ahlrich, who were single and under age at that time, and the respective deeds were duly recorded on the day they bear date with the recorder of deeds in said county. Lena Timmons was duly adjudged a bankrupt in the United States Court of the Eastern District of Illinois on February 10, 1923, and appellant W. H. England was appointed and duly qualified as trustee of her estate and answered the petition.

It further appears that Roy H. Jones & Company, appellant, procured a judgment against John Ahlrich, Jr., for the sum of $404.66 in the circuit court of Piatt county upon the 8th day of November, 1922, and that appellant, the State Bank of DeLand thereafter, within a few days, procured judgments in said court against different ones of said children who had made

conveyances to their mother, and various judgments to the amount of about $10,000 were entered against the said Lena Timmons, which resulted in her bankruptcy, and thereafter, to the February term of the circuit court of said county, bills were filed by appellants Roy H. Jones & Company and the State Bank of DeLand, respectively, against said Antja Ahlrich and certain of said children, to subject the portions of said land devised respectively to the judgment debtors to the lien of said judgments and to set aside the respective conveyances, by the judgment debtors, to their mother, on the ground of fraud. Service was had in these suits and the same are now pending. The petition avers that the widow, Antja Ahlrich, is first entitled to a homestead right in the dwelling house and lots in the Village of DeLand, and a life estate in all other lands.

It further appears that on May 28, 1923, Theodore Ahlrich and Clarence Ahlrich, minors, by Tona W. Doss, their legal guardian, filed their bill in the circuit court of Piatt county, on the chancery side of said court, disaffirming the conveyances they had made to their mother, and praying a partition of said lands. This bill sets up all of the matters in connection with said estate and the said judgments and suits to set aside conveyances, and avers that the personalty is not sufficient to pay the debts of the estate and the administrator, Payne, is made party defendant, and appellee Payne answered the bill, averring, by way of answer, that in his estimation there would be a deficit of $12,000 in the amount of the personal assets to pay the debts against the estate. All of the parties to this petition are made parties defendant to said various bills in chancery and answered the bills.

Appellee Payne, administrator, presented with the petition in this cause his account, purporting to be a just and true account of the personal estate and debts of the testator's estate, substantially as follows:

LIABILITIES

| | |
|---|---:|
| Amount allowed as widow's award..........$ | 2,500.00 |
| Other claims allowed against estate....... | 5,226.36 |
| Amount of just claims to be presented..... | 5,214.50 |
| John Hancock, etc. first mortgage debt principal ............................. | 37,000.00 |
| Inventoried claims which are deemed uncollectable ............................. | 9,200.00 |
| Probable costs of administration will be.... | 1,200.00 |
| Interest paid John Hancock, etc., loan...:.. | 1,202.50 |
| Taxes on real estate paid................ | 774.19 |

| | |
|---|---:|
| Total liabilities of said estate............. | $62,316.55 |

PERSONAL ESTATE

| | |
|---|---:|
| Amount of appraisement bill.............. $ | 1,975.15 |
| Cash, notes and accounts, as per inventory. | 9,980.06 |
| Other than unsettled account for security debts to be paid by estate against Reent Ahlrich and William Ahlrich, but who are each now insolvent..................... | None |
| Total amount of personal estate received.. | 11,955.15 |
| Deficiency of personal estate to pay debts.. | 50,361.54 |

PAYMENTS

Have been made on said liabilities, as follows:

| | |
|---|---:|
| First-class claims allowed................ | 495.00 |
| On widow's award in property at appraised value ............................... | 500.15 |
| Interest paid John Hancock, etc., loan...... | 1,202.50 |
| Taxes paid ............................ | 774.19 |
| Balance paid on widow's award in full.... | 1,999.85 |

| | |
|---|---:|
| Total amount paid on liabilities............ | $4,971.69 |

To the petition in this cause, appellant Roy H. Jones & Company filed a plea in abatement, setting out the pendency of the said various bills in chancery and averring that said county court was without jurisdiction to hear and determine said cause, until the rights and interests of said parties had been, by decree, determined in said suits in the circuit court. The plea in abatement further sets out a contract made between Emily C. Doss, W. A. Doss, Marion Doss and Lulu Doss of the first part and the testator of the

second part, by which the testator was to have the option and privilege of reselling certain 398 acres of land upon which there was a first mortgage of $46,000, and a second mortgage of $30,000, and a third mortgage of $25,000, of which third security testator was the owner to the amount of $15,000, and which lands testator's son Albert T. Ahlrich had sold to the first parties, and the testator had agreed to release and cancel his portion of the debt, reserving, however, the right of resale for a period of two years from the 10th day of February, 1922, with certain guarantees to the first parties, and the appellant pleaded that a decree should not be entered in this cause until the testator's contingent interest in said lands and contract was determined. A demurrer was sustained to this plea and appellants answered the petition, raising an issue upon each material allegation in the petition, except as to the testator's dying seized of said lands. There are charges in the answers approaching an averment of fraud, and an answer is filed by the John Hancock Mutual Life Insurance Company, through the attorney for the petitioner, which does not consent to a sale of said lands, disincumbered of said mortgage; states that it is not concerned in the matters of litigation involved, but, under the strict terms of its mortgage, seeks to recover the sum of $1,500 as attorney's fees out of the personal estate, for filing the answer.

There was a hearing in which the court refused, at this time, to hear proofs or determine the rights between the creditors and the widow and devisees as to their rights and interests in said lands. The decree found there was a deficiency of personal estate with which to pay debts of $10,204.99, and that the probable costs of administration would be $1,500, and a decree was entered ordering the sale of the lands for the payment of such deficiency and costs. The decree provides that the two farms shall be sold, on the condition that the purchaser assume said indebted-

ness of $37,000 and accruing interest after January 1, 1924.

There were further proceedings had and among other things a modification of the decree made on January 23, 1924, by which an attorney's fee to petitioner's attorney, for filing answer for the mortgagee in this and other cases, to the amount of $1,000, was allowed and ordered paid as a part of the costs in this case. Appellants have brought the record to this court and make numerous assignments of error.

The record is voluminous and the abstract meager, and counsel make various statements of fact without citing the record and abstract page, rendering it difficult to pass upon all of the various questions raised. It is presented by the briefs and argument that at the time of the filing of this petition the circuit court had appointed appellee Payne receiver of the said lands to collect the rents, issues and profits thereof, and had entered various orders as to the payment of taxes upon said lands and the interest upon said mortgage, and authorized the receiver to borrow money for such purposes, and it also appears that the John Hancock Mutual Life Insurance Company, in said partition suit, had presented a cross bill, through the same counsel appearing for the petitioner in this cause, and the complainants in the partition suit, to foreclose said mortgage, and appellants contend that appellee, through his counsel, should have been required to elect whether he would seek relief through this proceeding or said partition suit to obtain the funds with which to pay decedent's debts, contending that the various legal proceedings would effectually destroy the sale value of said lands. This contention is accentuated by the further objection in the court below to Tona W. Doss, wife of counsel for appellee administrator, appearing for the minors Clarence and Theodore Ahlrich in this cause. Tona W. Doss, as guardian and next friend of said minors, through her husband as solicitor, filed the bill for partition in the

circuit court of Piatt county, and is in control of that
proceeding. In this suit she testified that she prac-
tically took no part in any of these proceedings, but
that they were all managed by her husband, counsel
for appellee in this suit, the complainants in the par-
tition suit and the mortgagee. The pendency of a
partition suit is not a bar to a proceeding by the ad-
ministrator, under the statute, to sell real estate to
pay debts. *Sutton v. Read,* 176 Ill. 81; *Wachter v.
Doerr,* 210 Ill. 242; *Crane v. Stafford,* 217 Ill. 21;
*Wachsmuth v. Penn Mut. Life Ins. Co.,* 147 Ill.
App. 527; *Rowden v. Meisinger,* 164 Ill. App. 125;
and *Fowler v. Gordon,* 174 Ill. App. 427; L. R. A.
1918A 24, note.

In *Sutton v. Read, supra,* it was held, page 81:
"The practice of taking decrees of partition and of
sale in partition suits before it can be known whether
or not they be required to sell the land to pay debts
is not unusual, but is to be deprecated. Courts of
equity will not take the administration of estates from
the county court simply to facilitate the partition of
real estate, and purchasers at such sales must take
notice of the rights of creditors of the deceased
owner." And it is held in *Crane v. Stafford, supra,*
and other cases, that claims against the deceased can-
not be allowed in a proceeding to partition his estate,
and the master in chancery be ordered to pay them
out of the proceeds of the sale of land. In other cases
it is held that in a partition proceeding the appoint-
ment of commissioners to divide and apportion the
lands is mandatory, and that the proceedings in the
partition suit, where the land is susceptible to di-
vision, does not provide any relief for the sale of
lands to pay debts. But it requires no argument or
presentation of authority in this case to determine
that the interest of appellee administrator and the
interest of the minor heirs, Clarence and Theodore
Ahlrich, in this suit were antagonistic, and the court
of its own motion in this suit should have recognized

this situation and appointed some person other than Tona W. Doss guardian *ad litem* for the minors.

Over the objection of appellants, appellee administrator was permitted to testify that the total amount of the claims allowed by this probate court was $8,927, and there is a stipulation entered in the record as follows: "To avoid introducing claims it is stipulated valid judgments have been entered on claims in this cause to the total amount of $4,892.47." The abstract incorrectly states these figures as $8,927.47. No other proofs were offered as to any debts against the estate. This was merely prima facie proof, against the adult heirs and creditors, of the existence of debts to the amount of $4,892.47, and there was no proof of any indebtedness so far as the minor heirs were concerned. *Atherton v. Hughes,* 249 Ill. 326.

The court found by its decree that the personal assets were approximately $2,935.15, and that the claims filed against said estate amounted to $8,927.74, exclusive of interest, and that the probable cost of administration would amount to $1,500; that the administrator had paid claims to the amount of $2,358.13 and had cash on hand $222.75, leaving a deficiency of personal assets with which to pay debts in the amount of $10,204.99. This was error.

There were various contentions on the trial as to the validity of certain deeds, given by heirs of John Ahlrich, Sr., deceased, to Antja Ahlrich, the widow, and charges made that said deeds, or a portion of them, were made in fraud of creditors, appellants in this suit, and appellants assign error on the ground that the court refused to hear evidence as to said transactions, and further refused, by its decree, to establish certain claims of appellants as debts against the respective interests of the judgment debtors, such debtors being a portion of the heirs at law and devisees of John Ahlrich, Sr., deceased.

The court in its rulings and by its decree announced

and states: "that it would reserve for further determination, after the sale, if any is made in this cause, the hearing on the matters of the conflicting claims of the several parties to this cause, in any proceeds left in the administrator's hands, if any, from the sale of any, or all, of said real estate," and the court expressly refused to adjudicate or make any findings as to the rights or interests of any of the defendants as to any of these matters. This is assigned as error. Appellants base this assignment of error upon the holding in *Clayton v. Clayton*, 250 Ill. 433, followed in *Therens v. Therens*, 267 Ill. 599, and *Hannah v. Meinshausen*, 299 Ill. 529. In *Clayton v. Clayton, supra*, it was held that under section 101 of the Administration Act [Cahill's Ill. St. ch. 3, ¶ 102], the county or probate court, on petition by an administratrix to sell lands to pay debts, may determine whether a quitclaim deed to the widow, from one of the heirs, is valid against an attaching creditor of the heir, and it was further held in the same case that the question involved a freehold, and that the appeal from a decree, where such question was involved, should be to the Supreme Court. Whether a county or probate court, on a petition to sell lands to pay debts of a testator, is compelled to hear and determine all questions raised before the entry of any decree, or whether the hearing on those questions may be separated, and where there is no dispute as to testator's title at the time of his death, the adjudication upon collateral titles postponed until it is determined that there is a subject of litigation, we are not called upon to determine in this case. Appellants, by bringing the record to this court, have waived any error that may have entered into the decree of the lower court as to the title of the heirs.

There are various assignments of error as to appellee's failure to collect certain assets of personal estate belonging to said estate, and the charge is

made that there was an understanding among the mother, children and administrator to cover up, conceal and remit claims owing by certain of said children to the testator, at the time of his decease. It does appear that the administrator inventoried $9,200 in claims against certain of testator's children, who are now reported bankrupt, and the claims desperate, but the testimony as to either phase of the controversy is meager, and after a careful examination of the record leaves the court with little or no new light upon the subject, and can well be left to a new trial *de novo* in the court below.

The court in its decree ordered the sale of said two farms, "on condition that the purchaser assume said indebtedness of $37,000, and accruing interest after January 1st, A. D. 1924." This was error and the court was without jurisdiction to make such order. *Selb v. Montague,* 102 Ill. 446. A court of probate, under its statutory jurisdiction to sell lands to pay debts, is not a court of chancery. *Therens v. Therens,* 267 Ill. 599; *Hannah v. Meinshausen,* 299 Ill. 528. The added burden of such condition to any sale, in pursuance of the decree, might result in the destruction of any value to the equity of said lands. The court, in its amended decree, allowed the John Hancock Mutual Insurance Company an attorney's fee of $1,000, for the benefit of petitioner's attorney in this cause, for filing an answer in this suit and for services in connection with the partition suit. This was error. The only purpose of making the mortgagee in this case a party defendant was that it, by consent, might stipulate that the lands be sold disincumbered of their mortgage. Otherwise, there was no answer for the mortgagee to make. Under the law the mortgagee need make no answer. In this case the answer filed was purposeless and not material. No attorney was employed except the attorney for the petitioner herein. Just what the purpose of the mortgagee was

in filing a cross-bill to foreclose in the partition suit and refusing to permit the lands to be sold in this suit, disincumbered of the mortgage, it is not the province of this court to determine. Neither the mortgagee nor counsel should be permitted to provoke litigation for the sole purpose of procuring fees. As Justice Vickers said in *Whittimore v. Coleman*, 239 Ill. 455: "Appellant's conduct in connection with the administration of this estate shows such a flagrant disregard of duty that to allow him compensation would be to disregard the plain rules of law and shock that sense of natural justice that dwells in the breast of every honest man."

The court below allowed an item of $1,202.50 for interest paid upon the $37,000 mortgage, and the sum of $774.19 for the taxes paid upon the lands secured by said mortgage. These items appear nowhere in the record except in appellee's "just and true account" submitted to the court, upon which this action is founded. No claim was filed against the estate, or made, that these items were claims accruing in testator's lifetime, and no order of any court was shown, finding that these payments were made for the benefit of the estate. There is no showing made that the lands are not ample security for the mortgage debt, and, if they were not, it would be futile to attempt to sell them to pay additional indebtedness. In such state of the record, the personal estate of the heir should not be used to pay the mortgage debt. *Sexton v Sikking*, 90 Ill. App. 667; *Selb v. Montague*, 102 Ill. 446.

Other questions are raised upon this record such as the pretended deeds from the children to the mother, constituting a merger and destroying the life estate, under the will, in the mother, Antja Ahlrich; but questions involving title, either of the ancestor or of the heir, can only be passed upon by the Supreme Court. There is no doubt but that John Ahlrich, at the time

of his decease, was the owner in fee of the lands in controversy, subject to the mortgage indebtedness of $37,000 now held and owned by the John Hancock Mutual Life Insurance Company. There appears to be no controversy over the will and heirship of the deceased. Further than this, this court is not prepared to consider any of the matters in the record of said cause *res adjudicata,* by the decree in the court below.

The decree of the county court of Piatt county is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*