## In re Estate of William Rieken, Deceased.

### Gen. No. 7,616.

Mortgages—*right of mortgagee to attorney's fees in proceedings to subject property to payment of debts of mortgagor's estate.* Under a mortgage providing for the payment of an attorney's fee by the mortgagor in the event of litigation wherein it became necessary to protect the lien of the mortgage, it was not improper to refuse to allow such fee against the estate of the mortgagor in proceedings to sell the mortgaged property to pay debts wherein the mortgagee was made a defendant, where the petition admitted the validity of the mortgage, although it alleged that the premises consisted of but one tract, incapable of separate sale, while the proof showed two tracts, separately mortgaged.

Error by defendant to the County Court of Ogle county; the Hon. William L. Leech, Judge, presiding. Heard in this court at the April term, 1926. Affirmed. Opinion filed June 25, 1926.

FISHER, NORTH, LINSCOTT & GIBBONEY, for plaintiff in error.

FRANK WERTZ and M. H. EAKLE, for defendant in error; H. A. SMITH, of counsel.

MR. PRESIDING JUSTICE PARTLOW delivered the opinion of the court.

A writ of error has been sued out from this court by plaintiff in error, Northwestern Mutual Life Insurance Company, to review a judgment of the county court of Ogle county, denying the allowance of an attorney's fee to plaintiff in error in a proceeding for the sale of real estate to pay debts.

William Rieken mortgaged to plaintiff in error the north 80 acres of a quarter section of land in Ogle county to secure $6,700. He executed another mortgage to the trustees of schools, on the south 80 acres of the same quarter section to secure $8,371.59. He died June 7, 1925. His executor filed a petition in the county court for the sale of all of this land to pay debts and made the plaintiff in error and the treasurer of the trustees of schools parties defendant, together with other persons, including minors.

The petition alleged that it was necessary to sell all of this land; that the same comprised but one tract, without any buildings or improvements; that it was so situated that no part thereof could be sold without manifest injury to the parties in interest, and that it should be sold disincumbered of the mortgages.

The decree provided that the land should be offered for sale in separate tracts, also as a whole, and sold in whichever way it would bring the largest amount; that it should be sold free and clear of the mortgages which were to be paid out of the proceeds. It found that a reasonable attorney's fee was $200, but that under the language used in the mortgage, plaintiff in error was not entitled to any allowance for attorney's fees.

The mortgage to plaintiff in error provided that Rieken should pay all expenses and attorney's fees incurred by plaintiff in error, its successors, heirs, and assignees, by reason of litigation with third parties to protect the lien of the mortgage; that if the expenses and attorney's fees were not paid as therefor provided, plaintiff in error might pay such expenses, and all payments, with interest thereon, should be deemed a part of the indebtedness secured by the mortgage. It also provided for reasonable expenses for procuring abstracts of title necessary to protect plaintiff in error, and in case suit should be brought to foreclose the mortgage, the mortgagor agreed to pay in addition to the cost, an adequate and reasonable sum as solicitor's or attorney's fees, to be fixed by the court and included in the judgment or decree. The only provision under which an attorney's fee could be allowed is the first clause which provided for the payment of an attorney's fee by reason of litigation with third parties to protect the lien of the mortgage.

The question for determination, therefore, is whether or not this provision applies when a petition alleges that the premises consist of but one tract and no part of it can be sold without manifest prejudice to the parties in interest, but where the proof shows that the premises consist of two tracts, separately mortgaged. It is insisted by plaintiff in error that it was necessary for plaintiff in error to contest this petition in order to protect its security; that under the petition it was sought to give the other mortgagee, who in this case would be a third party, rights equal and tantamount at least to the rights of plaintiff in error upon the tract of land mortgaged to the plaintiff in error, when as a matter of fact this particular tract was not mortgaged to such third party; that it was necessary for plaintiff to protect its securities from

third parties, and therefore plaintiff in error is entitled to an attorney's fee.

The answer filed by plaintiff in error, as it appears in the abstract, makes no reference to the necessity for a sale in separate tracts, or as a whole. The answer neither admits nor denies the allegations as to the necessity for sale, but asks for strict proofs; alleges that under the mortgage given to plaintiff in error, Rieken agreed to pay all expenses, including attorney's fees, by reason of litigation incident to protect the lien of the mortgage; that by reason of being made a defendant it became necessary that plaintiff in error employ attorneys to protect its interests, and that there are due plaintiff in error from the proceeds of said lien reasonable attorney's fees.

Attorney's fees are not recoverable unless they are provided for by statute, or by contract between the parties. When they are provided for by contract, the contract will be strictly construed, and no allowance will be made unless the party is clearly entitled thereto under the language used. *Northern Trust Co. v. Sanford,* 308 Ill. 381; *Henke v. Gunzenhauser,* 195 Ill. 130; *Soles v. Sheppard,* 99 Ill. 616; *Payne v. State Bank of DeLand,* 235 Ill. App. 63.

*Payne v. State Bank of DeLand, supra,* was an appeal from a judgment in a proceeding to sell real estate to pay debts, where the county court allowed an attorney's fee to the mortgagee of the land sought to be sold. On page 73 the court said:

"The court, in its amended decree, allowed the John Hancock Mutual Insurance Company an attorney's fee of $1,000, for the benefit of petitioner's attorney in this cause, for filing an answer in this suit and for services in connection with the partition suit. This was error. The only purpose of making the mortgagee in this case a party defendant was that it, by consent, might stipulate that the lands be sold disincumbered of their mortgage. Otherwise, there was no answer

for the mortgagee to make. Under the law the mortgagee need make no answer.''

In *Northern Trust Co. v. Sanford, supra,* a bill and cross-bill were filed to foreclose certain trust deeds. On page 389 the court said:

''Appellants make the claim that it was error to confirm the decree for several reasons apparent on the record, among which is one that the decree erroneously allowed $400 as solicitor's fee to Lena Rosenthal for foreclosure of the trust deed given her. This claim must be sustained. A junior mortgagee, if a party to a bill to foreclose a prior mortgage, may by mere motion, without an answer or cross-bill, and certainly by filing a short answer and the evidence of his lien, have his claim referred to the master to hear evidence and to report the sum due him. The $400 solicitor's fee allowed in this case was unauthorized by the trust deed, as it provided that only in case of foreclosure should a solicitor's fee be allowed. The cross-bill was unnecessary, and no such unnecessary expense should be paid by appellants. (Citing authorities.)

''Appellee makes the claim that the cross-bill was not only filed to foreclose the second trust deed, but was also filed to obtain other affirmative relief which could not be had except by cross-bill. This does not appear from the cross-bill in the record to be correct, and if it were, it would not entitle appellee to a $400 attorney's fee, because by the provisions of the trust deed the fee was to be allowed in case of foreclosure and for the services of the solicitor in the foreclosure. Provisions for attorney's fees are to be construed strictly, and such fees cannot be recovered for any services unless so provided by the trust deed or mortgage.''

In *Huber v. Brown,* 243 Ill. 274, there were three trust deeds which provided for solicitor's fee and for ''all expenses and disbursements paid or incurred * * * in connection with any proceedings thereun-

der or on any of said notes, and also, all costs, expenses, solicitor's or attorney's fees incurred or paid by the grantee or any holder of any part of said indebtedness, in any suit or proceeding in which any of them, as such, might be a party.''

Fees were incurred and allowed in several suits, including a foreclosure suit, an ejectment suit, and a mechanic's lien. It was held that a mortgagor or grantor in a trust deed may, if he desires to do so, insert a clause in the instrument binding himself to indemnify the grantee or any owner of the indebtedness, not only for an attorney's fee incurred in connection with the foreclosure of the deed but also any and all attorney's fees and necessary expenses paid out or incurred in any collateral litigation in which the grantee or owner of the indebtedness may be a party by reason of his relation to the debt or the deed securing the same. On page 279 the court said:

''These were suits or proceedings in which the costs and attorney's fees were incurred which were allowed to defendants in error in this foreclosure proceeding. In the aggregate the fees and costs amount to a considerable sum, but we cannot say that any of them are unreasonable or were unnecessarily incurred. If it works a hardship on plaintiffs in error, it may be said, as was said by the court in *Clawson v. Munson*, 55 Ill. 394: 'We can only say that the appellants provided, by their express agreement in the mortgage, for all the consequences that have followed, in case of default in prompt payment, and that they could have avoided all hardships by paying the notes at maturity. It is not in the power of the court to relieve a party from the force and consequences of his own agreement.' ''

In the latter case, the provision was for the payment of fees in any suit or proceeding in which the mortgagee might be a party. In order to recover a fee, all that was necessary in that case was that the mortgagee be made a party to the suit. This language

is much broader than the provision now before us. In this case the fee is to be allowed only in case of litigation necessary to protect the lien of the mortgage. It was not necessary for the plaintiff in error to file an answer in order to protect the lien of the mortgage. While the petition set out that the property must be sold as a whole, this allegation was not disputed in the answer filed by the plaintiff in error and therefore it was not necessary for him to protect the lien of the mortgage on that account. It did not do it even if it had been necessary. The petition set up the mortgage, recognized its validity, and the total amount due thereon, prayed that the premises be sold free and clear from the lien of the mortgage, and that the mortgage be paid out of the proceeds of sale. Under the allegations of the bill, all the rights of the plaintiff in error were fully set out, and it was not necessary for him to appear or to file an answer of any kind. As was held in *Payne v. State Bank of DeLand, supra,* the only purpose in making the mortgagee a party was that it, by consent, might stipulate that the land be sold free from the mortgage, otherwise there was no answer for the mortgagee to make, and, under the law, the mortgagee was not required to file an answer in order to protect its lien. If the filing of the answer was not necessary in order to protect the lien of the mortgagee, that being the only provision of the mortgage entitling plaintiff in error to an attorney's fee, it was not entitled thereto, and the court properly so held.

We find no reversible error and the judgment will be affirmed.

*Judgment affirmed.*